UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
JACKSONVILLE, FLORIDA
8/27/24

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                          Case No. 3:24-cr-96(S1)-TJC-PDB

ALANDRAE DAVID BROWN
a/k/a W.B.

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, through the undersigned Assistant United States Attorney, and the defendant, ALANDRAE DAVID BROWN, and the defendant's attorney, Donald B. Mairs, mutually agree as follows:

A.  **Particularized Terms**

  1.  Count Pleading To

  The defendant shall enter a plea of guilty to Count Two of the superseding Information. Count Two charges the defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

  2.  Maximum Penalties

  Count Two carries a mandatory sentence of two years' imprisonment, a fine of not more than $250,000, or both a term of imprisonment and fine, a term of supervised release of not more than one year, and a mandatory special assessment of $100, which is due on the date of sentencing. A violation of the terms and

Defendant's Initials A.B                                AF Approval JMH

conditions of supervised release carries a maximum sentence of not more than one year of imprisonment as well as the possibility of an additional term of supervised release. Conviction of the offense also will adversely affect the defendant's immigration status in the United States, both now and in the future, and will result in his deportation from the United States.

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense to which the defendant is pleading guilty. The elements of Count Two are:

    (1)    the defendant knowingly possessed or used another person's means of identification;

    (2)    without lawful authority; and

    (3)    during and in relation to the felony offense of making a false statement in a matter within the jurisdiction of a federal agency.

4. <u>Waiver of Indictment</u>

The defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. <u>Count Dismissed</u>

At the time of sentencing, the remaining count against the defendant, Count One, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A). However, the defendant understands that the conduct giving rise to the charge set forth in that

Defendant's Initials A.B

2

count may be considered relevant conduct by the Probation Office and the Court in determining the defendant's sentence under the Sentencing Guidelines and under 18 U.S.C. § 3553.

6. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

7. <u>Acceptance of Responsibility</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to

Defendant's Initials A.B

3

Case 3:24-cr-00096-TJC-PDB   Document 30   Filed 08/27/24   Page 4 of 19 PageID 51

USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. <u>Removal - Notification</u>

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, the offense to which defendant is pleading guilty may be a removable offense. Indeed, because the defendant is pleading guilty to this offense, removal is <u>presumptively mandatory</u>. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the defendant's guilty plea, even if the consequence is the defendant's automatic removal from the United States following completion of the defendant's sentence.

Defendant's Initials A.B    4

9. <u>Cooperation – Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance"

Defendant's Initials A.B

5

has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. <u>Use of Information – Section 1B1.8</u>

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

11. <u>Cooperation – Responsibilities of the Parties</u>

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or

Defendant's Initials A.B

6

should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant

Defendant's Initials A.B          7

case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)   The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)   The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)   The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

B.   **Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18

Defendant's Initials A.B                8

U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from

Defendant's Initials A.B

9

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and

Defendant's Initials AB

10

disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and

Defendant's Initials A.B

11

acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises

Defendant's Initials A.B                12

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offenses to which defendant is pleading guilty and the elements thereof,

Defendant's Initials A.B    13

including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and

Defendant's Initials A.B     14

were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 19th day of August, 2024.

ROGER B. HANDBERG
United States Attorney

_Alandrae Brown_       By:   _____
ALANDRAE DAVID BROWN          ARNOLD B. CORSMEIER
Defendant                     Assistant United States Attorney

_____             _____
DONALD B. MAIRS               MICHAEL J. COOLICAN
Attorney for Defendant        Assistant United States Attorney
                              Deputy Chief, Jacksonville Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:24-cr-96(S1)-TJC-PDB

ALANDRAE DAVID BROWN

_____

PERSONALIZATION OF ELEMENTS

1. On April 24 and 25, 2024, in the Middle District of Florida, did you knowingly possess and use another person's means of identification, that is, the name, date of birth, and Social Security Number of a person with the initials W.B.?

2. Did you possess and use the means of identification without lawful authority to do so?

3. Did you possess and use the means of identification during and in relation to the felony offense of making false statements in a matter within the jurisdiction of the Department of Homeland Security, which is a department within the executive branch of the Government of the United States?

Defendant's Initials _W.B_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:24-cr-96(S1)-TJC-PDB

ALANDRAE DAVID BROWN

_____

FACTUAL BASIS

On September 19, 2017, the defendant, ALANDRAE DAVID BROWN, applied for and obtained a State of Florida driver's license in the name of a person with the initials W.B. When he applied for the license, he represented that he was a United States citizen and that he was born in the U.S. Virgin Islands on a date in April 1994. In support of the application, he provided a purported U.S. Virgin Islands birth certificate and a form "Self-Certification of Social Security Number" in which he claimed that he had been assigned a Social Security Number ending in 5933.

On April 11, 2024, the defendant was arrested by the Jacksonville Sheriff's Office, at which time he identified himself as, and presented the driver's license in the name of, the person with the initials W.B. and with a date of birth in April 1994. An officer queried a State of Florida database for records of the driver's license and the records contained a notation that an imposter may be using the license. Given

Defendant's Initials _W.B_

that notation, an officer with Immigration and Customs Enforcement ("ICE") questioned the defendant at the Duval County jail about his nationality and citizenship and the defendant said that he was a citizen of "Virgin Island" and that he was born in "Virgin Island." These answers were noted on a form that he signed using the identity of the person with the initials W.B.

In view of the suspicion that the defendant was not in fact the person with the initials W.B., the ICE officer referred the matter to Homeland Security Investigations ("HSI") for investigation. HSI obtained State Department records for a person with the initials W.B., a date of birth in April 1994, a place of birth of the U.S. Virgin Islands, and a Social Security Number ending in 5933. The address listed in the passport records was in the Virgin Islands. The photograph associated with the passport records was of a white male and did not depict the defendant, who is a black male. A Virgin Islands birth certificate for W.B. was included in the records.

HSI also obtained records from a Virgin Islands driver's license database for the person with the initials W.B. and a date of birth in April 1994. The records reflected that a driver's license was issued to W.B. on December 19, 2014, and showed an address in Christiansted, St. Croix, Virgin Islands. The records included a photograph of the same white male depicted in the passport records for W.B. There was no record in the Virgin Islands driver's license database for any other person with the same name and date of birth. HSI provided a copy of the birth certificate included in the DAVID records to the Virgin Islands Department of

2

Defendant's Initials W.B

Health for authentication, and in a responsive letter they stated that the birth certificate was a forgery.

HSI located and spoke to the individual with the initials W.B. and he said that he has had issues for years with regard to his identity being stolen and he provided photographs of his birth certificate and Social Security Card. He also provided a photograph of his current driver's license.

On April 24, 2024, the ICE officer at the jail and the HSI case agent interviewed the defendant. After he was advised of his constitutional rights, the defendant agreed to answer questions. During the interview, the defendant stated that he was the person with the initials W.B, that his date of birth was in April 1994, that he was a U.S. citizen, and that he was born in the U.S. Virgin Islands. The agent then discussed with him the information HSI had gathered about the true W.B., but the defendant continued to say that he was W.B., even after being told that he could be federally prosecuted if he continued to insist that he was W.B.

The officer and agent approached the defendant again the next day and, after advising him of his constitutional rights, told him that they knew he was not the real W.B. and asked him if he wanted to tell them the truth. After again stating that he was W.B., the defendant asked for an attorney and all questioning stopped.

When the defendant identified himself as W.B., he knew that the name, date of birth, and Social Security Number he used belonged to a real person and that he was not lawfully authorized to possess or use the means of identification.

Defendant's Initials _W.B_